1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11   Connie Moreno,                     )   Case No. 2:12-CV-00729 JAM-KJN
                                         )
12                    Plaintiff,         )   ORDER DENYING DEFENDANTS'
                                         )   MOTION TO DISMISS
13        v.                             )
                                         )
14   Town and Country Liquors, Joel      )
     McCarty, and Robert McCarty,        )
15                                       )
                      Defendants.        )
16                                       )
                                         )
17   _____ )

18        This matter is before the Court on Defendants Town and Country

19   Liquors, Joel McCarty, and Robert McCarty's (collective

20   "Defendants") Motion to Dismiss for Lack of Subject Matter

21   Jurisdiction (Doc. # 9).[1]  Plaintiff Connie Moreno ("Plaintiff")

22   opposes the motion (Doc. # 16) and Defendants replied (Doc. # 18).

23   Plaintiff brings claims pursuant to the Americans With Disabilities

24   Act of 1990 ("ADA"), 42 U.S.C. §§ 12111-12300; California's Unruh

25   Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51, et. seq.; and

26   the California Disabled Persons Act ("CDPA"), Cal. Civ. Code § 54,

27   _____

28   [1] This motion was determined to be suitable for decision without
     oral argument. E.D. Cal. L.R. 230(g).  The hearing was scheduled
     for July 11, 2012.

                                         1

1  et seq.

2

3              I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

4        Plaintiff filed a Complaint (Doc. # 1) with this Court on

5  March 22, 2012 alleging that Defendants own and operate a liquor

6  store located at 13517 E. Hwy 88, Lockeford, San Joaquin County,

7  California 95237 that was inaccessible to Plaintiff because of her

8  disability in violation of federal and state anti-discrimination

9  statutes.

10       Plaintiff alleges that she is disabled such that she can only

11  travel in public with the assistance of a motorized scooter,

12  wheelchair, or walker.  Plaintiff additionally alleges that because

13  she must unload a wheelchair, walker, or motorized scooter in the

14  parking lot of any location she visits, she requires adequate space

15  to safely park and unload her equipment.

16       Plaintiff alleges in the Complaint that she attempted to

17  access Town and Country Liquors on August 15, 2011.  First,

18  Plaintiff describes the parking lot.  Allegedly, when Plaintiff

19  arrived at Town and Country Liquors, she found no suitable or

20  compliant ADA parking.  Plaintiff alleges that it was "virtually

21  impossible" for her to get her walker out of her car in a safe

22  manner.  Complaint ¶ 15.  Plaintiff then alleges that there was not

23  a safe or compliant path of travel from the parking area to the

24  store entrance, forcing her to travel through the broken pavement

25  of the parking lot against on-coming traffic.  Plaintiff alleges

26  that when she attempted to access Town and Country Liquors, she was

27  unable to do so because the only entrance to the store contains

28  stairs, which she cannot navigate under any circumstances.

1    Plaintiff now seeks injunctive relief requiring Defendants to

2  make Town and Country Liquors accessible to her under the ADA, and

3  damages pursuant to her state law claims.  This Court has

4  jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's ADA

5  claim and jurisdiction over her related state law claims pursuant

6  to 28 U.S.C. § 1367.

7                        II.  OPINION

8   A. Legal Standard for Motion to Dismiss For Lack of Subject

9      Matter Jurisdiction

10    When a defendant brings a motion to dismiss for lack of

11  subject matter jurisdiction pursuant to Rule 12(b)(1), the

12  plaintiff has the burden of establishing subject matter

13  jurisdiction.  Rattlesnake Coal. v. U.S. E.P.A., 509 F.3d 1095,

14  1102, n.1 (9th Cir. 2007) ("Once challenged, the party asserting

15  subject matter jurisdiction has the burden of proving its

16  existence.").

17    There are two permissible jurisdictional attacks under Rule

18  12(b)(1): a facial attack, where the court's inquiry is limited to

19  the allegations in the complaint; or a factual attack, which

20  permits the court to look beyond the complaint at affidavits or

21  other evidence.  Savage v. Glendale Union High Sch., 343 F.3d 1036,

22  1039 n.2 (9th Cir. 2003).  "In a facial attack, the challenger

23  asserts that the allegations contained in a complaint are

24  insufficient on their face to invoke federal jurisdiction, whereas

25  in a factual attack, the challenger disputes the truth of the

26  allegations that, by themselves, would otherwise invoke federal

27  jurisdiction."  Li v. Chertoff, 482 F.Supp.2d 1172, 1175 (S.D. Cal.

28  2007) (internal citations omitted).

1    If the moving party asserts a facial challenge, the court must

2 assume that the factual allegations asserted in the complaint are

3 true and construe those allegations in the light most favorable to

4 the plaintiff.  Id. at 1175 (citing Warren v. Fox Family Worldwide,

5 Inc., 328 F. 3d 1136, 1139 (9th Cir. 2003)).  If the moving party

6 asserts a factual attack, a court may resolve the factual disputes

7 by "look[ing] beyond the complaint to matters of public record,

8 without having to convert the motion into one for summary judgment.

9 White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  The court "need

10 not presume the truthfulness of the plaintiff's allegations."  Id.

11    However, "jurisdictional finding of genuinely disputed facts

12 is inappropriate when the jurisdictional issue and the substantive

13 issues are so intertwined that the question of jurisdiction is

14 dependent on the resolution of factual issues going to the 'merits'

15 of an action."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039

16 (9th Cir. 2004) (internal citations and quotations omitted).  The

17 question of jurisdiction and the merits of an action are

18 intertwined where "a statute provides the basis for both the

19 subject matter jurisdiction of the federal court and the

20 plaintiff's substantive claim for relief."  Id. (internal citations

21 and quotations omitted).

22   B. Discussion

23    Defendants move for dismissal on the grounds that (1)

24 Plaintiff fails to allege facts sufficient to show Article III

25 standing and (2) Plaintiff failed to mail a notice required by

26 state law prior to bringing her Unruh Act and CDPA claims.

27 Plaintiff does not allege mailing a notice in the Complaint, so the

28 Court will treat Defendants' motion on both grounds as facial

1  attacks on the sufficiency of Plaintiff's allegations with regard

2  to subject matter jurisdiction.

3       1. Article III Standing

4       Defendants seek dismissal by arguing that Plaintiff failed to

5  allege an injury in fact and consequently lacks Article III

6  standing.  Plaintiff responds that her allegations meet the

7  requisite pleading and standing requirements.

8       Generally, courts must take a "broad view" of constitutional

9  standing in ADA cases since private enforcement suits are the

10 primary method of enforcing compliance.  Doran v. 7-Eleven, Inc.,

11 524 F.3d 1034, 1039 (9th Cir. 2008).  To have standing, a plaintiff

12 "must demonstrate that he has suffered an injury-in-fact, that the

13 injury is traceable to the [defendant's] actions, and that the

14 injury can be redressed by a favorable decision."  Chapman v. Pier

15 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011) (citing

16 Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir.

17 2004)).  The injury in fact requirement is satisfied when a

18 plaintiff encounters a non-compliant barrier related to his

19 disability.  Id. at 948.

20      "In addition, to establish standing to pursue injunctive

21 relief, which is the only relief available to private plaintiffs

22 under the ADA, he must demonstrate a 'real and immediate threat of

23 repeated injury' in the future."  Id. at 946 (quoting O'Shea v.

24 Littleton, 414 U.S. 488, 496 (1974)).  The court held that an ADA

25 plaintiff "can establish standing to sue for injunctive relief

26 either by demonstrating deterrence, or by demonstrating injury-in-

27 fact coupled with an intent to return to a noncompliant facility."

28 Id. at 944.  An ADA plaintiff lacks standing, "if he is indifferent

1    to returning to the store or if his alleged intent to return is not

2    genuine, or if the barriers he seeks to enjoin do not pose a real

3    and immediate threat to him due to his particular disability."  Id.

4    at 953.

5         In order to pursue injunctive relief under the ADA a plaintiff

6    must allege a real and immediate threat of repeated injury "by

7    demonstrating [her] intent to return to a noncompliant

8    accommodation or by establishing that she would be like[ly] to

9    return but could not do so as long as the barriers remain."  Lema

10   v. Courtyard Marriott Merced, No. 1:10-CV-01131-SMS, 2012 WL

11   1038108, at *4 (E.D. Cal. Mar. 27, 2012) (citing Chapman, 631 F.3d

12   at 944, 950).

13              a. Injury in Fact

14        First, Plaintiff alleges that she encountered several non-

15   compliant barriers when she attempted to use and enjoy Town and

16   Country Liquors.  She found no usable disabled parking spaces in

17   the parking lot, she had to travel across uneven and broken

18   pavement against traffic because there was no compliant passage

19   from the parking lot to the store, and she was unable to climb the

20   stairs at the entrance to the store.  Plaintiff alleges that her

21   disability causes her reduced mobility, and all of the barriers she

22   encountered create difficulty or safety issues for a person with

23   decreased mobility.

24        Defendants' argument that Plaintiff failed to allege how the

25   encountered barriers related to Plaintiff's disability is without

26   merit.  Plaintiff was unable to even enter the store because of her

27   reduced mobility and the barriers she faced.  For the same reason,

28   Defendants' reliance on O'Campo v. Chico Crossroads, LP is

6

1  misplaced.  No. CIV S-10-1100 KJM-CMK, 2012 WL 787594, 2, Slip Copy

2  (E.D. Cal. Mar. 9, 2012).  In that case, the Plaintiff lacked

3  standing because he merely identified non-compliant conditions in a

4  store bathroom without stating how they related to his disability.

5  Id.  In this case, Plaintiff alleges that she was not able to enter

6  the store at all because of her disability and the non-compliant

7  condition that she allegedly found, the stairs at the entrance to

8  the store.

9       Accordingly, Plaintiff alleges that she encountered non-

10  compliant barriers related to her disability and she therefore

11  suffered an injury in fact.  Chapman, 631 F.3d at 948. Plaintiff

12  also alleges that she would like to return to the store, but is

13  unable to do so unless the store is brought into compliance with

14  the ADA.  Accordingly, Plaintiff has alleged a real and immediate

15  threat of repeated injury.

16            b. Traceability and Redressability

17       Defendant does not challenge Plaintiff's standing on

18  traceability and redressability grounds.  In this case, Plaintiff's

19  allegations make it clear that her injuries are directly traceable

20  to Defendants' non-compliance with the ADA, and that an injunction

21  issued by this Court requiring compliance would redress Plaintiff's

22  injury by making the store accessible to her on a non-

23  discriminatory basis.  Since Plaintiff alleges that she suffered an

24  injury-in-fact, that the injury is traceable to Defendants' alleged

25  actions, and that the Court can provide appropriate relief,

26  Plaintiff does have Article III standing at this stage of the

27  proceedings.  The Court therefore has subject matter jurisdiction

28  over Plaintiff's claims and Defendants' motion on this basis is

1  denied.[2]

2      2.  State Law CASP Notices

3      Defendants next argue that Plaintiff's state law claims are

4  not properly before the Court because she failed to comply with the

5  California Construction-Related Accessibility Standards Compliance

6  Act (the "Act"). Cal. Civ. Code §§ 55.51-55.54.  The Act requires a

7  plaintiff represented by a lawyer to send a notice of rights to a

8  defendant concurrently with a demand for money or the service of a

9  civil complaint.  Cal. Civ. Code § 55.3.  Plaintiff responds that

10  the notice was sent, although a corresponding allegation is not

11  found in her Complaint.

12      Under the Act, a qualified defendant may seek a 90 day stay of

13  proceedings and force an early evaluation conference.  Cal. Civ.

14  Code § 55.54(b)(1).  A qualified defendant is a public

15  accommodation that has either been inspected and certified by a

16  Certified Access Specialist ("CASp") or has a pre-suit CASp

17  determination pending.  Cal. Civ. Code § 55.52(a)(4).

18      The provisions of the Act are inapplicable to Unruh Act and

19  CDPA claims filed in federal court for two reasons.  First, the

20  state law pre-suit notice requirements are not applicable to the

21  ADA claim because they would impermissibly add procedural hurdles

22  to a purely federal claim.  O'Campo v. Chico Mall, LP, 758 F. Supp.

23  2d 976, 985 (E.D. Cal. 2010).  Even if Defendants qualified for a

24  90 day stay in this case, the stay would not apply to Plaintiff's

25  ADA claim.   Thus, Defendants would be subjected to the same

26  _____

27  [2] Defendants also argue for the first time in their reply brief that
Plaintiff lacks standing because she was not a bona fide patron of
Town and Country Liquor without citing authority that requires such

28  a showing.  The Court accordingly finds no merit in this argument.

1 discovery and other processes with or without the stay as

2 Plaintiff's ADA claim proceeds, making the stay meaningless.  See

3 id.  Second, under Erie R. Co. v. Tompkins, 304 U.S. 64 (1938),

4 federal courts only apply substantive state law, i.e. state law

5 that is likely to be outcome determinative.  See Hanna v. Plumer,

6 380 U.S. 460 (1965).  In this case, the possibility of reaching a

7 settlement through an early evaluation conference is not outcome

8 determinative in the manner contemplated by Erie.  Chico Mall, 758

9 F. Supp. 2d at 985.  As a result, the Court declines to apply the

10 Act to Plaintiff's federal Complaint, and Defendants' motion to

11 dismiss is denied.

12

13                          III. ORDER

14     For the reasons stated above, Defendants' Motion to Dismiss

15 for Lack of Subject Matter Jurisidiction is DENIED.  Defendants are

16 ordered to respond to Plaintiff's Complaint within 20 days.

17     IT IS SO ORDERED.

18 Dated: July 18, 2012

19                          _____
                           JOHN A. MENDEZ,
                           UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28